JAMES DUNCAN v. A. M. BLAKE and FANNY H. BLAKE.

1. LESSOR AND LESSEE. *Quantum Meruit.* Where the lessor, under a lease of land for three years, in consideration of the lessee's clearing it, refuses to perform his contract, the lessee may sue for labor done and recover a sum expressed by the enhancement of the value of the land, less reasonable rent.

2. SAME. *Custom.* A farmer's custom that lessee, in consideration of clearing land, shall have the right to sell the cut timber, is good, and when clearly established, prevails where contract is silent.

FROM MARION.

Appeal from the Chancery Court at Jasper. W. M. BRADFORD, Ch.

W. D. SPEARS for complainant.

F. V. BROWN for defendants.

DEADERICK, C. J., delivered the opinion of the court.

This bill was filed by complainant to compel the specific performance of a contract of lease, made be-

Duncan *v.* Blake.

tween complainant and A. M. Blake, as agent of his co-defendant, or in the alternative for compensation for work and labor done upon a lot of about seventeen and a half acres of land belonging to defendant Fanny, in Marion county.

The contract was entered into by defendant A. M., for his co-defendant for three years, with the understanding and agreement on his part that it should be reduced to writing. This he afterwards refused to do, upon the alleged ground that complainant had not complied with his part of the contract.

The substantial stipulations of the contract were, that complainant was to have the land three years from the 1st of January, 1877, for clearing. Defendant A. M., insists that he was bound to cultivate it in corn in 1877, and this he did not do, and in this he violated his agreement.

About the end of 1877, A. M., in the name of Fanny, brought an action to recover the possession, and this suit was compromised, by which it was agreed complainant should surrender the possession, which he did do in March, 1878, without prejudice to this suit, which was then begun.

Fanny Blake was a non-resident of the State, and complainant, in this suit, attached the land he had leased, for the satisfaction of his decree. She answered and admitted A. M. had authority to manage and lease her land, and relied upon the same defenses that A. M. Blake relied on, that is, failure by complainant to perform his contract, and relied upon the statute of frauds as to the three years' verbal lease.

There is much evidence as to enhanced value of the land by reason of the work done thereon by complainant. The master reported $250 in favor of complainant, and upon exception the chancellor reduced this sum to $210, and against this sum credited defendant with $52.75 for rent, and rendered a decree against defendant for $157.25, the value of the permanent improvements, less the amount due from complainant for rents, and directed the sale of the land attached for the recovery and costs, if the same were not paid in four months. From this decree defendants appealed to this court.

The defendants insist that the failure of complainant to put the land in corn in 1877, was a violation of his contract, and that he ought not, therefore, to recover. Assuming that such was the contract, it is difficult to see that any damage resulted from complainant's failure to defendants. They were not to have any part of the crop, and were only entitled under the contract to have the land delivered to them cleared at the end of three years. Indeed we think so far from this being intended as a part, or stipulation in the contract, it was more likely a mere declaration of complainant, of his intention to put the land in corn that season.

It is also insisted by defendants that complainant should be charged with the wood taken off the land and sold. The contract, however, contained no agreement that complainant was to account for any of the timber. On the contrary, he was bound to clear the land, and he might have burnt the fallen timber, and thus have complied with his contract. But he had

Duncan *v.* Blake.

some of it cut into cord-wood, for which he paid one dollar per cord, and then with his own team he hauled and delivered it to the railroad and others, and got one dollar and fifty cents per cord, obtaining for the hauling but fifty cents more per cord than the cutting cost him, and making but a reasonable compensation for his labor in getting the wood off the land. All the witnesses, who are farmers in the neighborhood, say that unless there is an express stipulation to the contrary, the lessee is entitled to the wood he takes from the land.

So we think, on neither ground is defendant Fanny entitled to be relieved from making just compensation to the complainant, to the extent that his labor has enhanced the value of the land. And from the evidence we think the amount allowed by the court is very reasonable.

The chancellor's decree, therefore, will be affirmed, except that the decree will be against the defendant Fanny alone for the amount found for permanent improvements, as she only has received the benefit of complainant's labor, and admits her co-defendant had full authority from her to manage and dispose of the land.